IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

WASEEM DAKER,

    Petitioner,

v.

WARDEN BRIAN ADAMS,

    Respondent.

CIVIL ACTION NO.: 6:22-cv-71

**ORDER AND REPORT AND RECOMMENDATION**

Petitioner Waseem Daker ("Daker") filed a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus while he was housed at Smith State Prison in Glennville, Georgia. Doc. 1. Daker also filed two Motions to Consolidate, docs. 3, 6, a Motion to Expedite, doc. 4, and a Motion for Rule 4 Review and for the Court to Stop Stalling and Procrastinating, doc. 9. In addition, Daker filed a Motion to Consolidate, to Substitute, and to Transfer after notifying the Court of his change in address. Docs. 13, 14. For the reasons which follow, I **RECOMMEND** the Court **DISMISS** Daker's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Daker *in forma pauperis* status on appeal and a Certificate of Appealability.[1] I **GRANT** Daker's Motion to Expedite and Motion for Rule 4 Review, but only

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair . . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted). A magistrate judge's Report and Recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting report and recommendation served as notice claims would be sua sponte dismissed). This Report and Recommendation constitutes fair notice to Daker his

to the extent this Report and Recommendation is being issued. I **DENY as moot** Daker's Motions to Consolidate, to Substitute, and to Transfer. Daker may seek to amend his petition in his other habeas action pending in this District, 6:20-cv-115, but I offer no opinion on whether Daker should be permitted do so in this other cause of action.[2]

## BACKGROUND

In his Petition, which was executed on August 22, 2022, and filed in this Court on September 20, 2022, Daker contests his placement in Tier II segregation at Smith State Prison. Doc. 1. Daker provides a lengthy list of rights and privileges he contends prisoners on Tier II do not receive. Id. Daker contends his placement on Tier II segregation on July 29, 2022, violates substantive and procedural due process, as well as the Eighth and First Amendments. Id. at 65. He seeks to be released from segregation and for the Court to issue an order directing Respondent not to return him to segregation without meeting certain Court-imposed requirements. Id. at 66. Daker's Petition consists of 66 "substantive" pages, though only a few of these pages are devoted to allegations relating to how Daker contends his rights have been violated due to placement in Tier II segregation at Smith State Prison.

United States District Judge William Ray in the Northern District of Georgia issued a sanctions order on August 4, 2020. Order, Daker v. Deal, Civil Action No. 1:18-cv-5243 (N.D.

---

suit is due to be dismissed. As indicated below, Daker will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

[2] The Court notes Daker's case bearing Civil Action Number 6:22-cv-37–the case Daker seeks to have this case consolidated with–was closed on May 9, 2023. United States Magistrate Judge Brian Epps recommended Daker's § 2254 petition be dismissed based on his failure to comply with a contempt bond, and Chief Judge J. Randal Hall adopted this recommendation as the opinion of the Court. Daker v. Adams, Case No. 6:22-cv-37 (S.D. Ga.), ECF Nos. 61, 64, 67, 68.

2

Ga. Aug. 4, 2020), ECF No. 57, p. 19.  Among other things, that order required Daker to include a copy of Judge Ray's order and "a list of each and every lawsuit, habeas corpus petition, and appeal . . . he has filed in any federal court along with the final disposition of each lawsuit, petition[,] or appeal[]" with every lawsuit he files in any federal court.  Id.  Daker's submissions in this case do not satisfy these requirements because Daker did not provide the Court with a copy of Judge Ray's order or provide a list of all of his previously filed cases.

## DISCUSSION

I.  **Daker Failed to Follow a Court Order**

Daker appealed the permanent injunction Northern District of Georgia District Judge Ray imposed.  The Eleventh Circuit Court of Appeals reviewed the imposition of the injunction for abuse of discretion and specifically noted Judge Ray's requirement Daker is to include with "'every lawsuit he files *in this or any other court*'" a copy of the injunction order and a list of every lawsuit, petition, or appeal he has filed in any federal court and the dispositions of those matters "or else face a summary dismissal."  Daker v. Governor of Ga., No. 20-13602, 2022 WL 1102015, at *2 (11th Cir. Apr. 13, 2022).  The Eleventh Circuit determined Judge Ray did not abuse his discretion by entering the injunction against Daker.  "'Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions,' as is the case when 'single litigants . . . unnecessarily encroach[] on the judicial machinery needed by others.'"  Id. (quoting Procup v. Strickland, 792 F.2d 1069, 1073, 1074 (11th Cir. 1986)).  In addition, the Eleventh Circuit found Daker's challenges to Judge Ray's injunction "lack merit[,]" including his challenge to reporting his litigation history to other courts.  Id.  The court stated, "[R]eporting litigation history to other tribunals ensures enforcement of the injunction, which 'operate[s] continuously and perpetually

3

upon' and is 'binding upon [Daker] . . . throughout the United States.'" Id. (alterations in original) (quoting Leman v. Krentler-Arnold Hinge Last Co., 284 U.S. 448, 451 (1932)).

As noted, Daker has not complied with Judge Ray's injunction requirements, as he failed to attach Judge Ray's order or a list of all federal cases he has filed with their dispositions. Thus, the Court should summarily dismiss Daker's Petition. The Court advises Daker this recommendation does not violate his constitutional rights, as "his right to access to the court is 'neither absolute nor unconditional.'" Id. (quoting Miller v. Donald, 541 F.3d 1091, 1096 (11th Cir. 2008)).

## II. Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny Daker leave to appeal *in forma pauperis* and a Certificate of Appealability. Though Daker has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it issues a final order adverse to the applicant." (emphasis supplied); see also Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v.

4

Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a Certificate of Appealability is issued. A Certificate of Appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a Certificate of Appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a Certificate of Appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Daker's Petition and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be

5

taken in good faith.  Thus, the Court should likewise **DENY** Daker *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **DISMISS** Daker's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Daker *in forma pauperis* status on appeal and a Certificate of Appealability.  I **GRANT** Daker's Motion to Expedite and Motion for Rule 4 Review, but only to the extent this Report and Recommendation is being issued.  I **DENY as moot** Daker's Motions to Consolidate, to Substitute, and to Transfer.  Docs. 3, 6, 14.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); <u>Harrigan v. Metro Dade Police Dep't Station #4</u>, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  <u>Harrigan</u>, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  A party may

not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 2nd day of June, 2023.

*/s/ B. Cheesbro*
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA