IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| WASEEM DAKER, | |
| Petitioner, | CIVIL ACTION NO.: 6:22-cv-71 |
| v. | |
| WARDEN BRIAN ADAMS, | |
| Respondent. | |

## ORDER

Presently before the Court are Petitioner Waseem Daker's ("Daker") Objections to the Magistrate Judge's June 2, 2023 Order and Report and Recommendation. Docs. 15, 16. In his Report, the Magistrate Judge recommended the Court dismiss Daker's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus based on Daker's failure to comply with United States District Judge William Ray's August 4, 2020 order. Doc. 16. In that order, Judge Ray ordered Daker to include a copy of the order and "'a list of each and every lawsuit, habeas corpus petition, and appeal . . . [Daker] has filed in any federal court along with the final disposition of each lawsuit, petition[,] or appeal[]' with every lawsuit he files in any federal court." Id. at 3 (quoting Order, Daker v. Deal, Civil Action No. 1:18-cv-5243 (N.D. Ga. Aug. 4, 2020), ECF No. 57, p. 19). The Magistrate Judge also denied as moot Daker's Motions to Consolidate, to Substitute, and to Transfer. Doc. 15.

Daker states he no longer had a copy of the Judge Ray's order at the time he filed his Petition because prison officials lost or destroyed his copy on orders for shakedowns by Respondent Adams. Doc. 17. Daker maintains he could not attach a copy of this order as an exhibit to his Petition or refer to this order to refresh his memory of what he is required to do under

this order. Id. Daker also maintains he did not have access to PACER when he filed his Petition and Respondent denied him access to his stored legal materials. Id. at 2. Daker also contends Judge Ray's order required compliance only in that case, not in other courts, and he was not forewarned his failure to comply with Judge Ray's order in other courts would result in the summary dismissal of his cases. Id. at 3. Daker asserts, if his Petition is dismissed, the dismissal should be without prejudice because he did not act in bad faith, the Magistrate Judge stated Daker "may seek to amend his petition in his other habeas action," and he was transferred to another District during the pendency of this cause of action, which could raise a question of mootness. Id. at 3–4.[1]

Daker's Objections are unconvincing and wholly without merit, especially in light of Daker being such a seasoned and prolific litigant in this and several other federal courts. Even accepting as true Daker's contention he did not have a copy of Judge Ray's order and could not remember the order's requirements, Daker could have noted the existence of Judge Ray's order at the time he filed his Petition, which he did not do. This does not mean the mere mention of Judge Ray's order would be sufficient compliance with that order, but at least this Court could be assured Daker acknowledged the existence of Judge Ray's order. In addition, Judge Ray specifically stated Daker was "to include with 'every lawsuit he files *in this or any other court*' a copy of the injunction order and a list of every lawsuit, petition, or appeal he has filed in any federal court and the dispositions of those matters 'or else face a summary dismissal.'" Doc. 16 at 3 (quoting Daker v.

---

[1] Daker also asserts in his Objections the instant cause of action should not be dismissed at all and should be consolidated with Case Number 6:20-cv-115. Doc. 17 at 4. In addition, Daker contends the Court should reinstate Case Number 6:22-cv-37 and transfer all three causes of action to the Northern District of Georgia. Id. Daker has made no showing the Magistrate Judge's denial as moot Daker's Motions to Consolidate, to Substitute, and to Transfer is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The Magistrate Judge's Order remains the Order of the Court. Doc. 15.

Governor of Ga., No. 20-13602, 2022 WL 1102015, at *2 (11th Cir. Apr. 13, 2022)); see also id. (noting, among other things, Judge Ray's order required Daker to include a copy of that order and list all of his lawsuits and dispositions in federal court "with every lawsuit he files in any federal court."). Daker's suggestion that Judge Ray's order had no impact beyond the Northern District of Georgia is frivolous. Finally, the Magistrate Judge took no view on whether the recommended dismissal of Daker's Petition should be with or without prejudice, nor did the Magistrate Judge offer any view on whether Daker's pursuit of an amendment in his other pending habeas corpus action would be permitted.

Accordingly, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court. Thus, the Court **DISMISSES** Daker's 28 U.S.C. § 2254 Petition, **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENIES** Daker *in forma pauperis* status on appeal and a Certificate of Appealability.

**SO ORDERED**, this 13th day of July, 2023.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3