IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| WASEEM DAKER, | |
| Petitioner, | CIVIL ACTION NO.: 6:22-cv-71 |
| v. | |
| WARDEN BRIAN ADAMS, | |
| Respondent. | |

## ORDER

Petitioner Waseem Daker ("Daker") has filed a Federal Rule of Civil Procedure 59(e) Motion to Vacate or Modify this Court's July 13, 2023 Order and Judgment, as supplemented. Docs. 21, 26. Daker also filed a notice of appeal. Doc. 22. Daker objects to this Court's dismissal of his 28 U.S.C. § 2254 Petition based on his failure to follow the order of a court and the judgment closing this case. Docs. 16, 18, 19.

"It is well-settled law that the filing of a notice of appeal divests the district court of jurisdiction over a case." Weaver v. Fla. Power & Light Co., 172 F.3d 771, 773 (11th Cir. 1999). However, Federal Rule of Appellate Procedure 4 provides if a party files a notice of appeal after the court announces a judgment, but before the court disposes of a motion under Federal Rule of Civil Procedure 59 to alter or amend that judgment, then the notice becomes effective only after the court rules on the Rule 59 motion. Fed. R. App. P. 4(a)(4)(B)(i). The Eleventh Circuit Court of Appeals has not explicitly ruled on whether Federal Rule of Appellate Procedure 4(a)(4) means a motion to reconsider or vacate filed after the notice of appeal reinvests jurisdiction in the district court, but district courts often follow this interpretation. See Odion v. Google, Inc., 1:13-CV-03906, 2014 WL 12647930, at *2 (N.D. Ga. Oct. 31, 2014) ("Under [Federal Rule of Appellate

Procedure 4(a)(4)], the district court retains jurisdiction over properly filed Rule 59 and 60 motions—even if they were filed after a notice of appeal—until the trial court disposes of the last remaining of such motions."); Op. Corp. v. Roca Labs, Inc., 312 F.R.D. 663, 672 (M.D. Fla. 2015) ("The filing of the Motion for Reconsideration suspended the effectiveness of the Notice of Appeal. Therefore, the Court believes that it has jurisdiction to consider the merits of the Motion for Reconsideration."). Indeed, the Eleventh Circuit has noted Daker's appeal is suspended pending a ruling on the Motion to Vacate. Doc. 25. Thus, the Court considers Daker's Rule 59(e) Motion.

A motion for reconsideration, or a Federal Rule of Civil Procedure 59(e) motion, is "an extraordinary remedy, to be employed sparingly." Smith ex rel. Smith v. Augusta-Richmond County, No. CV 110-126, 2012 WL 1355575, at *1 (S.D. Ga. Apr. 18, 2012) (internal citation omitted). "A movant must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id. (internal citation omitted). "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." Jacobs v. Tempur-Pedic Intern., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010) (quoting In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999) (internal punctuation omitted)). "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Id. (quoting Michael Linet, Inc. v. Village of Wellington, 408 F.3d 757, 763 (11th Cir. 2005) (alterations omitted)).

Daker does not set forth any newly discovered evidence and fails to show this Court's previous Order is based on manifest errors of law or fact. As an example, Daker states in his Motion Northern District of Georgia District Judge William Ray's order only applies to cases filed in the Northern District. Doc. 21 at 1–2. However, this statement shows Daker's continued

misapprehension of Judge Ray's order, and this Court has considered and rejected this argument. Doc. 16 at 3–4; Doc. 18 at 2–3. Similarly, Daker previously raised the remaining grounds of his Rule 59(e) Motion, and this Court rejected those grounds. Doc. 16 at 2; Doc. 18 at 1–3. Daker is, once again, seeking to re-litigate matters this Court has decided adversely to him. Daker provides no basis for this Court to vacate its Order dismissing his Petition and judgment closing this case.

In his supplement, Daker asserts the dismissal in this case is tantamount to a dismissal with prejudice and constitutes an adjudication on the merits of his claims. Doc. 26 at 1. He also states the dismissal of his Petition in this case contradicts the Court's dismissal of Daker's petition in Case Number 6:22-cv-115 as moot. Id. at 2. Daker is incorrect. Neither the Magistrate Judge nor I offered any view on whether dismissal in this case is with or without prejudice. Docs. 16, 18. Additionally, there is no contradiction in the Court's ruling in this case and the ruling in Case Number 6:22-cv-115. Furthermore, even if Daker were correct (and he is not), these points do not provide a basis for this Court to vacate its Order of dismissal and judgment closing this case. Put simply, Daker failed to comply with an order of a court that applies to each and every case Daker files in this Court or any other federal court. Daker's non-compliance resulted in the dismissal of this case.

The Court **DENIES** Daker's Rule 59(e) Motion, as supplemented. The Court's July 13, 2023 Order, including the denial of leave to proceed *in forma pauperis* on appeal and a certificate of appealability, remains the Order of this Court, and this case remains **CLOSED**.

**SO ORDERED**, this 25th day of October, 2023.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA